IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORNELIUS CUFFY,

        Plaintiff,

v.

JUSTICE AUDREY J. BROYLES,

        Defendant.

Case No. 6:20-cv-01348-SI

ORDER TO DISMISS

SIMON, District Judge.

Plaintiff, a prisoner at the Coffee Creek Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges that Marion County Circuit Judge Broyles issued an order in November 2019 suspending his telephone

1 - ORDER TO DISMISS

privileges. He asserts her order prevents him from speaking with his family and friends and causes him emotional distress. He believes this violates his First, Sixth, Eighth, and Fourteenth Amendment rights, and he seeks $2,500,000 in damages.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes*

2 - ORDER TO DISMISS

*v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

A plaintiff must include the name of all defendants in the caption of a complaint. Fed. R. Civ. P. 10(a). In this case, Plaintiff names a single person as a Defendant in this case, Judge Broyles, claiming that she imposed indefinite restrictions on his telephone use. Although Plaintiff purports to add two additional Defendants elsewhere in his Complaint, not only does he decline to name those individuals in the caption of the pleading, but he limits his allegations to a single "Defendant," presumably Judge Broyles. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation). In any event, the two non-parties Plaintiff references in his Complaint are both prosecutors who would be immune from this suit even if properly named. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997).

3 - ORDER TO DISMISS

With respect to Judge Broyles, she is shielded from this lawsuit by virtue of her judicial immunity. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004). Accordingly, fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should he wish to continue with this case, Plaintiff must file an amended complaint within 30 days that: (1) cures the deficiencies with his original Complaint; (2) names a proper defendant who personally participated in the deprivation of a federal right; (3) does not incorporate any prior document by reference; and (4) is on the form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice.

The Clerk of Court is directed to provide Plaintiff with a civil rights Complaint form.

IT IS SO ORDERED.

DATED this 21st day of September, 2020.

_____
Michael H. Simon
United States District Judge

4 - ORDER TO DISMISS